JOSEPH P. POTTER ET UX. *v.* ELISHA R. POTTER.

A widow entitled to dower in the estate of her late husband, deceased, marries a second husband. The real estate of the first husband, in which she so has the right of dower, was sold by his administrator for the payment of his debts, she not joining in the deed. The purchaser conveyed the same to the second husband, who subsequently mortgaged, and then sold the same, with covenants of general warranty, to the defendant, the wife not joining in either of the deeds. *Held,* that, by the covenants of the husband, he and his wife were estopped from claiming dower in the estate of the first husband, during the existence of their intermarriage.

THIS was an action of dower in a question raised upon the facts as set forth in the following opinion of the court, delivered by STAPLES, J.

This is an action of dower to recover the dower which the plaintiff, Sarah Potter, is entitled to as the widow of Thomas Rodman, in the premises described in the declaration. After the decease of said Rodman, said premises were sold by his administrator for payment of his debts, the widow not joining in the deed. The purchaser at the administrator's sale, conveyed the same to the plaintiff, Joseph P. Potter, who subsequently mortgaged and then sold the same, with covenants of general warranty to the defendant, his wife not joining in either of the deeds.

The sole question made by the parties is, whether the plaintiffs are estopped, by the covenants of the said Joseph, from claiming dower during the existence of their present in-

termarriage. This question has been very ably argued in writing, in the vacation, by counsel, and the various points and arguments stated with unusual clearness, precision and force.

The doctrine of estoppels has never met with that favor from courts at law which it really deserves, when properly limited. By obliging a warrantor or covenantor to fulfil whenever it is in his power, his covenants made without title, they virtually compel him to pursue the paths of uprightness and moral honesty. In this, courts of law lend their aid to establish and enforce a line of conduct pointed out by common morality; and whenever the standards of morality and legal honesty coincide, the good of the community requires that it should not be entrenched upon, or its legitimate influence weakened. The doctrine of estoppel requires that, when a person conveys, with covenants of general warranty, an estate to which he has no or an imperfect title, he shall not be allowed to set up a title afterwards acquired, in derogation of his covenants. It matters not how that subsequent title be acquired, whether by operation of law or act of the parties. He shall never be permitted to falsify his covenant, or impugn a title flowing from him by any other title outstanding at the time of his conveyance. This is supported by the purest principles of equity, for he has received a full consideration for the whole estate unincumbered.

It is because " a grant with general warranty can possibly pass nothing excepting the title which the grantor had at the time of the grant," that the doctrine of estoppel has been established. The grantee takes the title of his grantor, if he had any, with all its imperfections, by his deed, and the grantor is estopped by his covenants from afterwards alleging that his title was otherwise than he covenanted it was.

The rule, as quoted from 13 Pickering, 119, is certainly

true, that " if the grantee was not entitled to recover the value of the land on the grantor's covenant of warranty, then in such case it is obvious this species of estoppel would not be applicable." And the converse of the proposition is equally true, that where the grantee can recover of the grantor for breach of warranty, in such case the grantor would be estopped from asserting the title or incumbrance which would constitute that breach of warranty. And this is to avoid circuity of action. That case (13 Pick.) is clearly distinguishable from this, inasmuch as that was one of special covenants against all persons claiming under, by, or through, the grantor. In such a case, it is clear no breach of the covenant arises from the existence of a title paramount to the grantor's, nor would he be estopped from asserting such a title against his own grantee, if that title accrued to him after the making of his deed. Nor is the case supposed by the plaintiffs' counsel parallel with this. If one of six brothers should convey " all his right, title and interest " in an estate, with warranty, and subsequently, by the death of a brother, one other sixth should descend to him, he would by no means be estopped from claiming that sixth, because he warranted only his then right, title and interest, which was his original sixth. The deed did not cover nor purport to cover only his existing title which his grantee takes by the deed. But suppose he had conveyed the whole estate with general warranty, can there be a doubt that he would be estopped from claiming title to any part of it afterward, through a title not derived from his grantee ?

If these are the true principles of estoppel, let us apply them to this case. Joseph P. Potter, by his deed with general warranty, conveys, not his right, title and interest in and to the estate, but the estate itself, to the defendant. At the time of this conveyance, Sarah Potter, as his wife, had a pos-

sibility of dower in it.   The court, in the 3d Mason, 355, decide that such a possible right is no breach of warranty, as it is but a bare possibility of dower, a possibility of an incumbrance, but not an incumbrance within the warranty. They do not decide that if the wife should outlive the husband and then claim her dower, that the heirs of the grantor would not be holden to respond in damages.   That would be a case quite different from the one before them.   The possibility of dower in the plaintiff, Sarah, as the wife of the plaintiff, Joseph P., is as yet no breach of his covenants of warranty.   So far goes the case in the 3d Mason, and no further.

But at the time of the execution of the deed from J. P. Potter to the defendant, his wife, Sarah, was entitled to dower out of the estate conveyed, as the widow of Thomas Rodman, the former owner.   Was this an incumbrance on the estate ?   Can any one doubt that it was ?   It was outstanding at the date of J. P. P.'s deed, and, so far as it goes, a title paramount to his.   Suppose there had been no marriage between the two plaintiffs.   No one can hesitate in saying that she could recover her dower, and that J. P. P. would be holden to respond in damages for his breach of warranty. If the plaintiffs recover now, the same result would follow. J. P. P. would be liable on his covenants for the value recovered of the defendant.   In such an event, another consequence would follow.   J. P. P. would be in possession and enjoyment of an interest or title to an estate for which he had received a full consideration as unincumbered.   He would be entitled to the rents, issues and profits of the dower-land during the marriage.   He could dispose of it at his pleasure. It could be attached for his debts.   Is not this, then, precisely such a case as that to which the doctrine of estoppel rightly applies ?

But it is said that the title in the wife is inchoate still, and that the plaintiffs seek to perfect it now. So it would be if the wife had held a mortgage on the estate, the condition of which was not broken at the date of her husband's deed, and which, it may be supposed, contained an agreement that the mortgagor should retain possession till condition broken. In a suit brought on such a mortgage in names of husband and wife, would it be a sufficient replication to the defendant's plea of estoppel, that the title was not perfect at the date of his covenants? Or, suppose a covenantor's title to be only a leasehold title, with a right of reëntry in his lessor, on breach of certain condition, and the covenantor subsequently becomes possessed of the lessor's title, and claims possession against his full covenants, because the condition of the lease was not broken when he made his deed. The answer would be, there was an outstanding title paramount to yours, an incumbrance which could not then, but can now, be enforced. You covenanted against all incumbrances; you cannot now avail yourself of this paramount title. You are estopped by your covenants.

But it is said that this is not a covenant between the same parties; that the wife has made no covenants with her husband which estop her. That is true. But the husband, by the marriage, gains a right to the possession and use of the estate, — such an interest and title, during the marriage, as enables him to control it. He has a freehold interest in her dower, determinable upon the dissolution of the marriage. There is no equity in the claim of the wife, for she has participated in the consideration received by her husband for the estate.

The assignment of J. P. P., under the insolvent laws, could not pass the estate now sought, for the reasons assigned by the plaintiff. The dower had not been demanded or set off.

It was a right to an estate in the wife, to recover which, an act of hers was necessary. Though he could not convey it by deed, he could estop himself by covenants from claiming it.

Upon consideration of the whole case, the court is of opinion that the plaintiffs cannot maintain their present action, and that, according to the agreement of parties, no cost be taxed.